

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------

UNITED STATES OF AMERICA         : CASE NO.  1:08 CR 00481
                                 :
                      Plaintiff  :
                                 : MEMORANDUM OF OPINION AND
          -vs-                   : ORDER
                                 :
                                 :
ANTHONY L. JERDINE, et al.,      :
                                 :
                     Defendants  :

---------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 19 November 2008, the government filed a 15 Count Indictment against

twelve defendants alleging a conspiracy, pursuant to 18 U.S.C. 371, to commit certain

offenses against the United States in violation of 18 U.S.C. 1344 & 2 (Bank Fraud) and

18 U.S.C. 1957 & 2 (Money Laundering).  (Doc. 1).  Defendant Anthony L. Jerdine ("Mr.

Jerdine") is named in the Indictment in Counts 1, 2 & 3-9. Id. On 8 April 2009, the

government filed a nineteen count Superseding Indictment against sixteen defendants.

(Doc. 153).  Mr. Jerdine is charged in thirteen of the nineteen counts (Counts 1s-11s,

18s, 19s) alleging an extensive conspiracy involving bank fraud and money laundering.

Currently proceeding pro se, with Damian Billak appearing as 'standby' counsel, Mr. Jerdine has submitted a number of filings styled, variously as, motions, notices, affidavits, emergency motions, and petitions.  The Defendant's submissions fall into six categories: (1) challenging the Court's jurisdiction (**Docs. 183, 185, 190, 191, 193, 196, 202**); (2) requesting a new detention hearing (**Docs. 181, 182, 184, 186, 188, 201, 206, 207, 208**); (3) requesting a hearing for ineffective assistance of counsel (**Docs. 203, 204**); (4) alleging violation of the Speedy Trial Act (**Doc. 196**); (5) requesting a hearing on the suppression of evidence (**Docs. 196, 202**); and (6) requesting a Bill of Particulars (**Doc. 189, 192**).  The Court has reviewed and considered each of Mr. Jerdine's filings along with the government's responses (**Docs. 197, 198, 199, 205**).  The Court will address each of these categories in turn.

## **Motion to Dismiss Based on Court's Alleged Lack of Jurisdiction**

Mr. Jerdine's filings in this category have taken various forms, such as: Motion to Dismiss Indictment, Indictment Fails to Invoke the Court's Jurisdiction, "Certify" Constitutionality of Statute 18 U.S.C. § 3231 (**Doc. 183**); Affidavit of Anthony Jerdine, Rule 47 Affidavits (**Doc. 185**); First Request for Admissions (**Doc. 190**); Motion for Subpoena 17(c) (**Doc. 191**); Ex Parte Application to Obtain Witnesses Without Prepayment of Fees (**Doc. 193**); Motion to Dismiss Indictment (**Doc. 196**); and, Motion to Suppress (**Doc. 202**).

The gist of each of these pro se filings from Mr. Jerdine suggests that the Indictment is void and should be dismissed because the criminal jurisdiction statute, 18

2

U.S.C. § 3231, was never enacted into positive law and is unconstitutional. Section 3231 of title 18 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Therefore, when an indictment charges a defendant with violating the laws of the United States, § 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment. The 1948 amendment to that statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25, 1948. See United States v. Risquet, 426 F.Supp. 2d 310, 311 (E.D. Pa.2006).

Although the Sixth Circuit does not appear to have addressed the specific issue of the circumstances surrounding the passage of Public Law 80-772, several other federal courts have done so and have determined that Public Law 80-772 was properly enacted. See, e.g., United States v. Abdullah, 289 Fed. Appx. 541, 543 (3d Cir. 2008); United States v. Campbell, 221 Fed. Appx. 459, 461 (7th Cir. 2007); United States v. Risquet, 426 F.Supp. 2d 310 (E.D. Pa.2006); United States v. Williams, Crim. No. 03-20147-01-KHV, 2007 WL 38080 (D. Kan. Jan.4, 2007); Lister v. United States, Nos. 3:06-cv-1355-N, 3:03-cr-374-N, 2006 WL 3751324 (N.D. Tex. Dec.20, 2006); Cullum v. Fox, No. 1:06-cv-309, 2006 WL 3691170 (E.D. Tex. Dec.11, 2006); Martinez v. Gonzales, No. 8:02-cr-19-T-27EAJ, 2006 WL 2982856 (M.D. Fla. Oct.18, 2006); United States v. Lawrence, No. 02-cr-200 (N.D. Ill. Jan. 27, 2006); Derleth v. United States, Crim. No. L-03-1745-6, Civ. No. L-05-205, 2006 WL 1804618 (S.D. Tex. June 27, 2006); Webb v. Driver, 2009 WL 529827, 3 (N.D. W.Va. 2009). See also, United States v. Hawkins, 2009 WL 585477 (M.D. Pa. 2009) (discussing additional authorities

3

rejecting similar constitutional claims). Given the clear weight of authority, this Court concludes that Public Law 80-772 was constitutionally enacted.

The statute relied upon for jurisdiction in this case was properly enacted and is binding. Moreover, even if the 1948 amendment to § 3231 were somehow defective, this Court would retain jurisdiction over this case because the predecessor to § 3231, which Mr. Jerdine does not challenge, provides for such jurisdiction as well.   United States v. Risquet, 426 F.Supp. 2d at 311.

### Filings to Reopen Detention Hearing

Mr. Jerdine seeks a review of his detention in the following filings: Petition for Reopening of the Detention Hearing as Information Exists That Was Not Known to the Movant (**Doc. 181**); Release and Detention Authority Generally Title 18 U.S.C. § 3142(f) (**Doc. 182**); Release and Detention Authority Generally Title 18 U.S.C. § 3142(f) (**Doc. 184**); Affidavit Supporting a Motion for Reopening of Detention Hearing (**Doc. 186**); Petition for a Reopening of the Detention Hearing as Information Exists that Was Not Known to the Movant (**Doc. 188**); Affidavit in Support for Motion for Bail Hearing (**Doc. 201**); Emergency and Expedited Motion to Re-Open Detention Hearing (**Doc. 206**); Notice of Continuing Due Process Violations by the Government and Non-Response to the Detention Hearing Re-Opening Motion and Affidavits and Evidence in Support in Violation of Defendant Jerdine's Constitutional Rights (**Doc. 207**); Motion for Evidentiary Hearing to Dispute Factual Issues, Detention Hearing (**Doc. 208**).

The question of Mr. Jerdine 's release was fully heard before Magistrate Judge Gallas on 1 December 2008. This Court reviewed, and rejected, the Defendant's further arguments for release from detention in its Order of 18 February 2009. Mr. Jerdine appealed that Order to the United States Court of Appeals, Sixth Circuit, which affirmed the decision by Information on 29 July 2009. Mr. Jerdine filed a petition for an *en banc* hearing of the Sixth Circuit panel's 29 July 2009 Information opinion. The Sixth Circuit affirmed its Information opinion by Mandate on 22 October 2009, denying Mr. Jerdine's petition. The Sixth Circuit affirmed, pursuant to 18 U.S.C. § 3142, that this Court "did not err by concluding that Mr. Jerdine is a flight risk and a danger to the community." (**Doc. 200**).

In his bevy of filings, Mr. Jerdine provides a number of explanations as to why he is neither a flight risk nor a danger to the community. None of his many arguments provide the necessary evidence for reopening his detention hearing. The statute governing detention determinations clearly limits the circumstances in which a judicial officer has discretion to consider reopening a detention hearing. Section § 3142(f) of the Bail Reform Act provides that a detention hearing: "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of

5

the case against him: truly changed circumstances, something unexpected, or a significant event. See United States v. Rodriguez-Adorno, 606 F.Supp. 2d 232, 239 (D.P.R. 2009). Courts have interpreted strictly the statutory provision authorizing the reopening of a detention hearing, holding that hearings should not be reopened if the evidence proffered was available at the time of the hearing. See United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991) (affirming district court's decision not to reopen detention hearing based on defendant's submission of affidavits from witnesses that could have been introduced at the original hearing); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989) (affirming district court's decision not to reopen detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new); United States v. Peralta, 849 F.2d 625, 626-627 (D.C. Cir. 1988) (affirmed a district court decision to reopen a detention hearing and detain the defendant on the basis of information not available at the initial hearing, to wit, the denial of a suppression motion which increased the likelihood of conviction).

Mr. Jerdine has not met the statutory threshold for reopening the detention hearing. His representations regarding his character, the facts involved in his arrest, his past conduct on bond, where not vague and conclusory, are legally inadequate as nothing the defendant has offered qualifies as new information not available at the hearing and material to the issue of pretrial release.

**Filings Alleging Ineffective Assistance of Counsel**

6

Mr. Jerdine maintains his right to the effective assistance of counsel, under the Sixth Amendment of the United States Constitution, has been violated because his standby counsel, Damian Billak, is ineffective in his assistance. The Defendant calls for a "Strickland Hearing" and a "Cronic Hearing" to address the alleged Sixth Amendment violation. (**Docs. 203, 204**). The gist of Mr. Jerdine's allegation, that his standby counsel has prejudiced his defense, is that Mr. Billak has not submitted the very filings Mr. Jerdine has, himself, submitted to the Court. (**Doc. 203**, pp. 2-3).

The Sixth Amendment guarantees the right to effective assistance of counsel at all critical stages of a criminal proceeding. United States v. Gonzalez, 113 F.3d 1026, 1029 (9th Cir. 1997). A petitioner demonstrates ineffective assistance of counsel by showing that: (1) his counsel's performance was objectively deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, (1984).

The Sixth Amendment, however, does not protect a pro se defendant from his own shortcomings. See Holmes v. United States, 281 F. App'x 475, 480-81 (6th Cir. 2008) ("Because [petitioner] validly waived his right to counsel, his claim for ineffective assistance . . . fails. . . . Even if standby counsel failed to act in some manner, such failure is an incidental effect of [petitioner's] decision to assert his Faretta rights, and not the basis of an ineffective assistance of counsel claim."). Having affirmed that he wants to represent himself, Mr. Jerdine may not now claim "that the quality of his own defense amounted to a denial of 'effective assistance of counsel.' " Faretta, 422 U.S. 806 at 834 n. 46.

7

Further, there is no right to hybrid representation.  As such, Mr. Jerdine does not have a Sixth Amendment right to have Mr. Billak act as his standby counsel.  United States v. Kienenberger, 13 F.3d 1354, 1356 (9th Cir. 1994).  Having made the decision to proceed pro se, and absent a constitutional right to standby counsel, Mr. Jerdine's allegation against Mr. Billak fails as a matter of law.  See United States v. Cochrane, 985 F.2d 1027 (9th Cir. 1993) (rejecting as a matter of law that standby counsel provided ineffective assistance of counsel);  Williams v. Stewart, 441 F.3d 1030, 1047 n. 6 (9th Cir. 2006) (stating that the defendant did not make a free-standing claim that standby counsel was ineffective, "nor could he" given his choice to proceed pro se);  Wilson v. Parker, 515 F.3d 682, 697 (6th Cir. 2008) ("To the extent [standby counsel] failed to act during trial, Wilson merely suffered the consequences of his decision to proceed pro se.");  Simpson v. Battaglia, 458 F.3d 585, 597 (7th Cir. 2006) ("[T]he inadequacy of standby counsel's performance, without the defendant's relinquishment of his Faretta right, cannot give rise to an ineffective assistance of counsel claim under the Sixth Amendment.");  United States v. Schmidt, 105 F.3d 82, 90 (2nd Cir. 1997) ("Absent a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective.");  United States v. Taylor, 933 F.3d 307, 312 (5th Cir. 1991) (finding that the assistance provided by standby counsel cannot qualify as the assistance of counsel under the Sixth Amendment).

Mr. Jerdine's allegations of ineffective assistance fail as a matter of law. However, the Court will construe Mr. Jerdine's ineffective assistance motions as a request for a hearing on the appointment of new standby counsel.  Accordingly, the Court will grant Mr. Jerdine' motion for a hearing to appoint new standby counsel.

8

### Motion to Dismiss for Alleged Speedy Trial Act Violation

Mr. Jerdine alleges violation of the Speedy Trial Act, 18 U.S.C. § 3161, because

he has been detained without trial for the past eleven months. **(Doc. 196**, pp. 2-14).

Mr. Jerdine' extensive and meandering discussion of § 3161, nevertheless, eclipses

any consideration, by him, of the delays caused by the Defendant's own relentless flurry

of pretrial motions.

Here, the docket speaks for itself.  Beginning with his motion to dismiss the

indictment for lack of jurisdiction **(Doc. 6)** on 1 December 2008, six days after his

arraignment on 24 November 2008, Mr. Jerdine, as only one of sixteen Defendants in

this conspiracy matter, has submitted more than eighty filings variously styled as, to

name just a few: motions to dismiss, to suppress, to compel, for hearings on detention,

for release, for reopening, for hearings on this Court's jurisdiction, standing, and

authority, for hearings on the grand jury array, ineffective assistance of counsel, along

with motions to compel, for appointment of special prosecutor, affidavits of expatriation,

and motions for treasury directives.

To date, the Court has addressed thirty-two dispositive motions from Mr. Jerdine

which fit well within the ambit of excludable time as set forth in § 3161(h)(1)(D), "delay

resulting from any pretrial motion, from the filing of the motion through the conclusion of

the hearing on, or other prompt disposition of, such motion," and § 3161(h)(1)H), "delay

reasonably attributable to any period, not to exceed thirty days, during which any

proceeding concerning the defendant is actually under advisement by the court."  The

Court finds that Mr. Jerdine's motions are complex in nature and that the time required

to rule upon these motions causes a delay of the trial and, thus, creates excludable

9

time. See United States v. Tinklenberg, 579 F.3d 589, 598 (6th Cir.2009) ( "hold[ing] that a pretrial motion must actually cause a delay, or the expectation of a delay, of trial in order to create excludable time").

Further, during much of this period Mr. Jerdine has placed interlocutory appeals before the Sixth Circuit, tolling the running of the Speedy Trial clock, pursuant to 18 U.S.C. § 3161(h)(1)(C), "delays resulting from any interlocutory appeals." Between 18 December 2008 and 26 January 2009, the Sixth Circuit addressed Mr. Jerdine's first interlocutory appeal. Between 2 March and 29 July, and then between 5 August and 22 October 2009, the Sixth Circuit addressed Mr. Jerdine's second interlocutory appeal.

To date, only eight days have expired for purposes of the seventy-day Speedy Trial Act threshold. Those days include the time between 24 November and 1 December 2008, and the time between 18 February and 20 February 2009.

### Request for a Suppression Hearing

Mr. Jerdine maintains the need for a suppression hearing to suppress evidence in the government's possession and, in so doing, relies upon generalized allegations of "unlawful surveillance," and "warrantless searches." (**Docs. 196, 202**). Mr. Jerdine's request is without foundation.

The Defendant has failed to meet the burden of production necessary to require an evidentiary hearing. "It is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." United States v. Giacalone, 853 F. 2d 470, 482 (6th Cir. 1988) (quoting United States v. Feldman, 606 F.2d 673, 679 (6th Cir. 1979)).

10

The defendant must make an initial showing of contested facts to be entitled to an evidentiary hearing. Id. at 483.

In Giacalone, the defendants filed a motion for suppression alleging that the government did not properly limit the scope of its audio surveillance. Id. at 482. Instead of giving specific examples of conversations which should not have been monitored, the defendants requested an evidentiary hearing. Id. The district court found that "[the] defendants had failed to make a 'sufficiently definite, specific, detailed and nonconjectural showing of a material issue of fact so as to justify an evidentiary hearing." Giacalone, 853 F.2d at 482 (citing United States v.. Ledesma, 499 F.2d 36 (9th Cir. 1974)). On appeal, the Sixth Circuit Court of Appeals affirmed the district court holding that the district court did not abuse its discretion in denying an evidentiary hearing when the defendants failed to make an initial showing of contested facts. Giacalone, 853 F.2d at 483.

Here, Mr. Jerdine does not even reach the inadequate threshold already rejected by the Sixth Circuit in Giacalone. See United States v. Coleman, 149 F.3d 674, 677 (7th Cir. 1998). Mr. Jerdine makes no initial showing of contested facts – facts which if proven would justify relief – and is therefore not entitled to an evidentiary hearing.


### Request for a Bill of Particulars

Mr. Jerdine has motioned for a Bill of Particulars (Doc. 189, 192) in which he seeks to elicit responses to a series of questions aimed at interrogating the jurisdictional authority of Article III Courts over this case. (Doc. 189, pp. 3, 4). For instance, and

11

indicative of the nature of the motion, Mr. Jerdine poses as questions in his request for a Bill of Particulars the following:

12. Please identify the difference between the "UNITED STATES OF AMERICA" and the united states

. . .

14. Please identify if a quorum was present when the House of Representatives voted on Title 18, 18 USC Section 3231, in May of 1947

. . .

16. Please identify if the judge in this case is an Article III judge as defined in the Constitution of the United States, explaining how she meets each of the three elements required to be an Article III judge.

This Circuit has recognized the necessity for a Bill of Particulars to inform the accused of the charges with sufficient precision to enable a reasonable defense and avoid surprises, and to enable the accused to plead an acquittal or conviction to bar further prosecution for the same offense. United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). Not only does Mr. Jerdine's request for a Bill of Particulars not meet the burden necessary to require this Court to grant the motion, but a review of the Superseding Indictment indicates, in sufficient detail, the manner and means of the alleged conspiracy and the roles played by each defendant, the overt acts in furtherance of the wire fraud conspiracy, and the purchase of the two properties. The government represents that it has provided Mr. Jerdine with scanned copies of all the documents related to the two real estate transactions involved in this matter, including: the loan applications, settlement documents and checks related to each property, as well as bank account records and other supporting documents.

The Court finds the Superseding Indictment sufficient to apprise Mr. Jerdine of the charges against him enough to enable him to prepare his defense. Further

12

disclosure of the government's evidence is outside the scope of Fed. R. Cr. P. 7(f).

See United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1977).


**Conclusion**

The Court disposes of the filings in this matter as follows.  Mr. Jerdine's motions

challenging the Court's jurisdiction are denied and all attendant filings are dismissed.

(**Docs. 183, 185, 190, 191, 193, 196, 202**).  Mr. Jerdine's request for a reopened

detention hearing is denied and all attendant filings are dismissed. (**Docs. 181, 182,**

**184, 186, 188, 201, 206, 207, 208**).  Mr. Jerdine's request for a hearing on the question

of ineffective assistance of counsel is denied.  (**Docs. 203, 204**).  Mr. Jerdine's motion

to dismiss based on violation of the Speedy Trial Act is denied.  (**Doc. 196**).  Mr.

Jerdine's request for a suppression hearing is denied.  (**Docs. 196, 202**).  Mr. Jerdine's

request for a Bill of Particulars is denied.  (**Doc. 189, 192**).

The Court will construe Mr. Jerdine's request for a determination on

ineffectiveness of counsel as a request for change of standby counsel.  This matter is,

therefore, referred to Magistrate Judge Gallas for a change of standby counsel hearing,

pursuant to 28 U.S.C. § 636(b)(1)(A) .



IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: *12/18/2009*

13