IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------- :
UNITED STATES OF AMERICA  : CASE NO. 1:08 CR 00481
 :
Plaintiff :
 : MEMORANDUM OF OPINION AND
-vs- : ORDER AFFIRMING THE REPORT
 : AND RECOMMENDATION AND
 : ASSIGNING STANDBY COUNSEL
 :
ANTHONY L. JERDINE, et al., :
 :
Defendants :
---------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 19 November 2008, the government filed a 15 Count Indictment against 12 defendants alleging a conspiracy, pursuant to 18 U.S.C. 371, to commit certain offenses against the United States in violation of 18 U.S.C. 1344 & 2 (Bank Fraud) and 18 U.S.C. 1957 & 2 (Money Laundering). (Doc. 1). Defendant Anthony L. Jerdine ("Mr. Jerdine") is named in the Indictment in Counts 1, 2 & 3-9. Id.

Proceeding pro se with standby counsel, Mr. Jerdine alleged his standby counsel was ineffective. (Doc. 204). This Court construed Mr. Jerdine's petition as a request for a hearing on the appointment of new standby counsel. (Doc. 210). This matter was

referred to Magistrate Judge Gallas for a Report and Recommendation ("R&R") on a change of standby counsel hearing, pursuant to 28 U.S.C. 636(b)(1)(A).  (Doc. 210).

In his R&R, Magistrate Judge Gallas noted Mr. Jerdine's "obstreperous" conduct at the change of counsel hearing, requiring the Magistrate Judge to advise Mr. Jerdine that he was "out of order."  (Tr. 5:16-17; 8-9).  At the hearing, Mr. Jerdine's standby counsel, Damian Billak, testified that he also sought to withdraw as standby counsel because his client prohibited him from effectively performing his job, and because Mr. Jerdine continued to violate this Court's order requiring that he contact Mr. Billak prior to filing any pro se motion.  (Tr. 11:17-20; 20:9-15).  (Doc. 214).  The Magistrate Judge recommended granting Mr. Billak's motion to withdraw as standby counsel.  (Doc. 214)

In response to the R&R, the government requested the Court deny Mr. Jerdine's petition for withdrawal of his standby counsel, terminate Mr. Jerdine's pro se representation, and replace Mr. Jerdine with Damian Billak as counsel of record.  (Doc. 217).  In support of its response, the government maintains that the Court is empowered to appoint standby counsel, even over a defendant's objections, in instances when the pro se defendant demonstrates "a lack of good faith cooperation with the court," United States v. Brock, 159 F.3d 1077, 1081 (7th Cir. 1998), in circumstances when the pro se defendant flouts his or her responsibility to act as an officer of the court, United States v. West, 877 F.2d 281, 287 (4th Cir. 1989), or in moments when the pro se defendant abandons the "basic rules of courtroom protocol and procedure" by filing frivolous and vexatious motions, United States v. Gomez-Rosario, 418 F.3d 90 (1st Cir. 2005).  The government further notes, as has this Court in its Omnibus Order of 18 February 2009 (Doc. 115), that a defendant's right to self-representation under Faretta v. California,

422 U.S. 806, 814 (1975) is not absolute and may be forfeited when the defendant is unable or unwilling to abide by the rules of procedure and courtroom protocol.  See McKaskle v. Wiggins, 465 U.S. 168, 173 (1984).

Mr. Jerdine's voluminous vexatious and frivolous filings continue to test the limits of his right to proceed pro se.  Further, Mr. Jerdine's documented "obstreperous" courtroom behavior before Magistrate Judge Gallas (Doc. 214) causes this Court to conclude that should Mr. Jerdine continue to demonstrate a lack of good faith cooperation with the Court in his courtroom conduct during pretrial proceedings he will not be permitted to proceed pro se.

The language in Faretta indicates that a pro se defendant may be denied the right to continue self-representation as a result of engaging in serious and obstructionist misconduct.  By having standby counsel ready in such an instance, this Court intends to prevent the misconduct of the defendant from resulting in a mistrial.  The possibility of misconduct causing a disruptive pro se defendant's forfeiture of his or her self-representation warrants appointment of standby counsel.  That counsel is, thereby, available to keep the case proceeding without undue delay or mistrial.  In such an instance, the requirements of Faretta are fully met.  Faretta, 422 U.S. at 834-35 n. 46.

Pursuant to the considerations of Faretta, the Court will appoint Lawrence Whitney to serve as Mr. Jerdine's standby counsel.  Should Mr. Jerdine continue to exhibit disruptive courtroom conduct, the Court will assign Mr. Whitney as Mr. Jerdine's counsel of record, thereby terminating Mr. Jerdine's pro se representation.

Accordingly, the Court affirms the Magistrate Judge's Report and Recommendation for withdrawal of Damian Billak as standby counsel, and denies the

government's request to terminate Mr. Jerdine's pro se representation. The Court appoints Lawrence Whitney as standby counsel for Mr. Jerdine with the continued provision that Mr. Jerdine contact Mr. Whitney prior to filing any pro se motion. If warranted, Mr. Whitney should be prepared to assume the mantle of counsel of record for Mr. Jerdine.

    IT IS SO ORDERED.

                                      /s/Lesley Wells
                                  UNITED STATES DISTRICT JUDGE

Date: 14 April 2010